UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
MATTHEW EATO On Behalf of himself
 and All Others Similarly Situated,                                      Case No.:

                            Plaintiffs,

                                                                         **COLLECTIVE AND CLASS
                                                                         ACTION
                    -vs.-                                                COMPLAINT
                                                                         WITH JURY DEMAND**
CHIPOTLE SERVICES LLC,

                            Defendants.
--------------------------------------------------------------X

Plaintiff MATTHEW EATO ("Mr. Eato") on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against Chipotle Services LLC (hereinafter "Defendant" or "Chipotle") alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.      This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a); (ii) the overtime provisions of New York Labor Law § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the requirement that plaintiffs receive full payment as required by New York Labor Law § 190, et seq.; (iv) the frequency of payment for manual workers provisions of New York Labor Law § 190, et seq.; (v) the requirement that employers furnish employees with accurate wage statements on each payday containing specific categories of information under the NYLL § 195(3); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

1

2.      Plaintiff worked for Defendant, a popular food service enterprise under the tradename "Chipotle Mexican Grill," as a non-managerial crew members. Throughout Plaintiff's tenure, Defendant required Mr. Eato and those similarly situated to work off the clock. Specifically, Defendant's general manager required Mr. Eato and similarly situated employees to clock out at their scheduled time and then continue to work for approximately one hour per workday.

3.      Further, throughout the statutory period Defendant failed to pay Mr. Eato and similarly situated employees on a weekly basis as required under the NYLL.

4.      Also, Defendant failed to furnish Mr. Eato and similarly situated employees with accurate wage statements on each payday as the NYLL requires.

5.      Defendant paid and treated all of their non-managerial crew members in a similar manner.

6.      Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

7.      Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8.      Jurisdiction is based upon 28 U.S.C. §§ 1331 1343, insofar as it involves statutes of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

9.      Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

10.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

11.     At all relevant times herein relevant, Plaintiff Eato is a resident of the State of New York, and resides in New York County.

12.     At all times herein relevant, Plaintiff Eato was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

13.     At all times herein relevant, Plaintiff Eato was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

14.     Upon information and belief, at all relevant times herein, Chipotle was and is a foreign limited liability company created under the laws of the state of Colorado.

15.     Upon information and belief, at all relevant times herein, Chipotle has its principal place of business located at 610 Newport Center Drive, Suite 1300, Newport Beach, CA 92660.

16.     At all relevant times herein, Defendant Chipotle was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

17.     Upon information and belief, for the calendar year 2018 the Chipotle's gross receipts were not less than $500,000.00.

18.     Upon information and belief, for the calendar year 2019 the Chipotle's gross receipts were not less than $500,000.00.

19.     Upon information and belief, for the calendar year 2020 the Chipotle's gross receipts were not less than $500,000.00.

20.     Upon information and belief, for the calendar year 2022 the Chipotle's gross receipts will not be less than $500,000.00.

21.     Defendant was engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business which originated in states other than New York, the combination of which subject Defendants to the FLSA's overtime requirements as an enterprise. These supplies include, but are not limited to, meat products, grills, spatulas, alcoholic beverages, cleaning products, forks, knives, and spoons.

22.     Furthermore, the Defendant's employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff seeks to bring this suit to recover from Defendant their full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

Current and former employees of Defendant who, during the applicable FLSA limitations period, performed work for Defendant as non-exempt crew member, or similarly situated employees, regardless of job title in the State of New York who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

24.     Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

25.     At all relevant times, Defendant was aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendant purposefully chose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

26.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on his own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

27.     Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

5

b. There are questions of law or fact common to the class that

  predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and,

e. A class action is superior to other methods of adjudication.

28.     The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work as non-managerial crew member, or similarly situated employees regardless of job title, in the State of New York ("Rule 23 Plaintiffs").

**Numerosity**

29.     During the previous six years, Defendants have employed, in total, at least one hundred employees that are putative members of this class.

**Common Questions of Law and/or Fact**

30.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendant required and require each Rule 23 Plaintiff to perform; whether the Defendant required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendant compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether Defendant paid the Rule 23 Plaintiffs for hours they worked; whether Defendant paid the Rule 23 Plaintiffs on a weekly basis and not later than seven calendar days after the end of the

week in which the wages were earned; whether the Defendant furnished and furnish the Rule 23

Plaintiffs with accurate wage statements on each payday containing the information required by

N.Y. Lab. Law § 195(3); whether the Defendant kept and maintained records with respect to each

hour that the Rule 23 Plaintiffs worked; whether the Defendant kept and maintained records with

respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendant

maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the

Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and

supporting regulations; if so, whether the Defendant's violations were in willful violation of the

NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

## Typicality of Claims and/or Defenses

31.    As described in the background facts section below, Defendant employed Plaintiff

as non-managerial, non-exempt employees. Plaintiff's claims are typical of the claims of the Rule

23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work, and/or have worked for

Defendant in excess of forty hours per week, as non-managerial employees, and Defendant failed

to pay Plaintiff overtime. Plaintiff and the Rule 23 Plaintiffs are also "manual workers" who

Defendant failed to pay on a weekly basis and not later than seven calendar days after the end of

the week in which the wages are earned.  Plaintiff and the Rule 23 Plaintiffs enjoy the same

statutory rights under the NYLL to be paid at a rate of one and one-half times their straight time

rates for all hours worked per week in excess of forty, to be paid on a weekly basis, and to be

furnished with accurate wage statements. Plaintiff and the Rule 23 Plaintiffs have all sustained

similar types of damages as a result of Defendant's failure to comply with the NYLL and

supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack

of compensation or under-compensation, due to Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/ or the Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

## Adequacy

32.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendant. The Defendant did not pay Plaintiff overtime pay for their hours worked over forty each week, did not pay Plaintiff for all the hours they worked and paid Plaintiff every two weeks, which is substantially-similar to how the Defendant paid the Rule 23 Plaintiffs. Plaintiff fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendant's Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

## Superiority

33.     Plaintiff has no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

34.     Any lawsuit brought by an employee of the Defendant for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

35.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

36.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

37.     From six years prior to the commencement of this action Defendant employed non-exempt crew members throughout New York State.

38.     Upon information and belief, non-exempt crew members are not required to have any formal education.

39.     Mr. Eato worked for Defendant from on or about June 6, 2021, until on or about August 4, 2022.

40.     Throughout his employment, Mr. Eato worked as a non-exempt crew member.  In that role, Mr. Eato, like all non-exempt crew members, took orders, prepared food, and served customers.

41.     As employees of the Defendant, crew members, including Mr. Eato were primarily responsible for performing manual tasks and physical labor.

42.     Throughout the statutory time period, Plaintiff and other crew members regularly performed manual tasks during the majority of their hours worked.

43.     Therefore, Plaintiff and other crew members spent more than twenty-five percent of their hours worked performing manual tasks.

44.     Throughout the statutory period to the present, Defendant paid Plaintiff and other Crew members by check every two weeks.

45.     As a result of the previous paragraph, Defendant withheld wages due and owing to the Plaintiff and Class Members on a biweekly basis.

46.     Due to the Defendants withholding the wages due and owing to the Plaintiff and Class Members, Defendant deprived the Plaintiff and Class Members of use of those funds.  Upon information and belief, this includes, but is not limited to, using the funds to buy groceries, pay rent, and/or make mortgage payments.  Furthermore, as a result of the Defendant depriving Plaintiff and Class Members of these wages, Plaintiff and Class Members were deprived of interest income which would have accrued in their various bank accounts.

47.     Thus, throughout the statutory period Defendant failed to timely pay Plaintiff and other crew members their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of the NYLL.

48.     Defendant both treated and paid Mr. Eato and the Class Members in a similar manner.

49.     Throughout his employment, Defendants scheduled Mr. Eato to work Monday through Saturday as well as every other Sunday.

50.     On Mondays, Thursdays, Fridays, Saturdays, and Sundays, Mr. Eato was scheduled to work from 3:00PM until 11:00PM.  On Tuesdays and Wednesdays, Mr. Eato was scheduled to work from 5:00PM until 11:00PM.

51.     After working the shifts above, each workday, Defendant's general manager required Mr. Eato to clock out of work at the end of his shift and continue working for approximately one hour off the clock.

52.     Throughout his employment with the Defendant, Mr. Eato worked at the Defendant's 620 Ninth Avenue, New York, New York location.

53.     In an effort to minimize their overtime costs and skirt wage and hour laws, throughout his employment, Defendant failed to pay Plaintiff for all hours he worked. Specifically,

despite knowing that they were to pay employees for every hour worked, Defendant required employees to work approximate one hour off the clock per shift.

54.     Throughout his employment with the Defendant, Mr. Eato was paid $17.00 per hour via check.

55.     Throughout the statutory period, Defendant failed to compensate Mr. Eato at one- and one-half times his applicable regular rate of pay for all hours worked over 40 per week.

56.     Throughout the statutory period, Defendant paid Mr. Eato every two weeks without providing him with accurate wage statements that reflected the amount of hours that he worked.

57.     Defendant acted in the manner described herein so as to maximize their profits while minimizing his labor costs.

58.     Every hour that Plaintiff worked was for Defendant's benefit.

59.     Defendant treated Rule 23 Plaintiffs in the manner described above.

### *FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS*
### *Unpaid Overtime under the FLSA*

60.     Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

61.     Defendant was required to directly pay the Plaintiff and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

62.     As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

63.     As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

64.     The Defendant willfully violated the FLSA.

65.     As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

66.     Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

67.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
#### Unpaid Overtime under the NYLL

68.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

69.     Defendant was required to directly pay the Plaintiff and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

70.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

71.     As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendant failed to compensate them in accordance with the NYLL's overtime provisions.

72.     Due to Defendant's violations of the New York Labor Law, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### ***THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS***
#### *Nonpayment of Straight Time Wages*

73.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

74.     Named Plaintiff and the Rule 23 Class routinely worked over 40 hours in a given work week.

75.     Defendant has willfully failed to pay all straight time wages due and owing to the Plaintiff and the Rule 23 Class.

76.     Due to Defendant's violations of the New York Labor law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendant their unpaid straight times wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### ***FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS***
#### *Failure to Timely Pay Wages*

77.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

78.     From six years prior to the commencement of this action until the present, Plaintiff and the Rule 23 Class were employed as manual workers or workingmen, as defined by the NYLL.

79.     NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

80.     From six years prior to the commencement of this action until the present, Defendants failed to pay Plaintiff and the Rule 23 Plaintiffs their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation NYLL § 191.

81.     Defendants' violations of the NYLL have been willful and intentional.

82.     Due to Defendants' violations of the NYLL, Plaintiff and Rule 23 Plaintiffs are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

### *FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Furnish Wage Statements in Violation of the NYLL*

83.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

84.     NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

85.     As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

86.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

87.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

88.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d.     Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

g.      Declaring Defendants' violations of the FLSA and NYLL were willful;

h.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

i.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

j.      Designation of Plaintiff and their counsel as collective/class action representatives under the FLSA and the FRCP;

k.      Awarding punitive damages;

l.      Pre-judgment and post-judgment interest, as provided by law;

m.      Awarding such other and further relief as available under the statues; and

n.      Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        August 26, 2022

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
By: Amit Kumar, Esq. (AK 0822)

16

*Attorneys for the Named Plaintiff as Well as the
Putative Class and Collective*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@CafaroEsq.com